UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE M. VERDUN,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No.  2:22-cv-0345-SCR<br><br>ORDER |

Plaintiff sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for benefits under the Social Security Act ("the Act"). On August 24, 2022, pursuant to a stipulation of the parties, this Court entered judgment remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 10 & 11.

Now pending before the court is Plaintiff's February 21, 2024 Motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 14. The Commissioner has filed a statement that he "neither supports nor opposes counsel's request for attorney's fees." ECF No. 15 at 2. Plaintiff herself has filed an opposition to her counsel's request for fees. ECF No. 16. For the reasons set forth below, the Motion will be granted.

I. REASONABLENESS OF FEE REQUEST

At the outset of the representation, Plaintiff and her counsel entered into a contingent-fee agreement. ECF No. 14-3. Pursuant to that agreement Plaintiff's counsel now seeks attorney's fees in the amount of $11,105.40 which represents less than 25% of the $106,827.92 in retroactive disability benefits awarded to Plaintiff on remand. ECF No. 14-2.

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The goal of fee awards under § 406(b) is "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting *Gisbrecht,* 535 U.S. at 805) (cleaned up).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"

*Crawford*, 586 F.3d at 1149 (quoting *Gisbrecht*, 535 U.S. at 793, 808).

In determining whether the requested fee is reasonable, the court considers "'the character of the representation and the results achieved by the representative.'" *Crawford*, 586 F.3d at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). In determining whether a reduction in the fee is warranted, the court considers whether the attorney provided "substandard representation or delayed the case," or obtained "benefits that are not in proportion to the time spent on the case." *Id.* Finally, the court considers the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Crawford*, 586 F.3d at 1151-52 (citing *Gisbrecht*, 535 U.S. at 808); *see also*, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and labor required"). Below, the Court will consider these factors in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

Here, Plaintiff's counsel is an experienced attorney who secured a successful result for Plaintiff. Plaintiff's counsel represents that she has been practicing law for over 15 years, and over the last 10 years the majority of her practice has been Social Security cases. ECF No. 14-4. There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay[1]. The court finds that the $11,105.40 fee, which does not exceed 25% of the amount paid in past-due benefits to Plaintiff, is not excessive in relation to the benefits awarded. In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent Plaintiff on such terms. *See Crawford*, 586 F.3d at 1152 ("[t]he attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be

---

[1] Plaintiff appears to object to the handling of her case at the administrative level on remand. ECF No. 16. Plaintiff's counsel explains that upon remand she "referred Plaintiff to another attorney to handle the final administrative hearing" because she "had discontinued her administrative hearing practice." ECF No. 18 at 1. There is nothing in the record causing the Court to believe that Plaintiff's counsel behaved improperly. In any event, to the extent complains about the professional conduct of her attorney, she may address that directly with her attorney, or with the State Bar of California, should she wish. Here the Court addresses the reasonableness of the fee award for counsel's successful representation before this Court.

1   a long court or administrative delay in resolving the cases").

2   Counsel has submitted a detailed billing statement in support of the requested fee. ECF
3   No. 14-4. The Court finds that hours expended are reasonable. The Court notes that the effective
4   hourly rate of $669/hour is significant. However, the total amount sought is significantly less
5   than 25% of the past benefit award. Additionally, the effective hourly rate is in the range
6   approved by other courts. In *Crawford*, the Ninth Circuit found the fee awards in the three
7   consolidated cases to be reasonable; the fee requests ranged from $11,500 to $24,000, and if
8   divided by the hours expended would have resulted in effective rates in the range of $500 to
9   $900/hour. 586 F.3d at 1145-1147. The effective rate also does not appear excessive in regard to
10  recent rates approved in this District. *See Garcia v. O'Malley*, 2024 WL 4121872 (E.D. Cal.
11  September 9, 2024) (effective hourly rate of $685); *Guzman Paz v. Commissoner*, 2024 WL
12  4029592 (E.D. Cal. September 3, 2024) (effective hourly rate of $883); *Garcia v. Commissioner*,
13  2024 WL 3968083 (E.D. Cal. August 28, 2024) (effective hourly rate of $864).

14  Accordingly, for the reasons stated above, the court concludes that the fees sought by
15  counsel pursuant to § 406(b) are reasonable.

16  ## II.  OFFSET FOR EAJA FEES

17  An award of § 406(b) fees must be offset by any prior award of attorney's fees granted
18  under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.
19  Here, Plaintiff's attorney was previously awarded $3,500.00 in EAJA fees. *See* ECF No. 13.
20  Counsel therefore must remit that amount to Plaintiff.

21  Accordingly, **IT IS HEREBY ORDERED** that:

22  1. Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 14), is
23  GRANTED;

24  2. Counsel for plaintiff is awarded $11,105.40 in attorney's fees under § 406(b); the
25  Commissioner shall certify that amount to be paid to counsel from the funds previously withheld
26  for the payment of such fees; and

27  ////
28  ////

      3. Counsel for Plaintiff is directed to remit to Plaintiff the amount of $3,500.00 for EAJA fees previously paid to counsel by the Commissioner.

      SO ORDERED:

DATE: September 23, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE